UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES FIRE INSURANCE
COMPANY,

                  Plaintiff,

  - against -

PALACE ELECTRICAL CONTRACTORS, INC.,
PALAZZO DHAIM PARTNERSHIP, GERARD
PALAZZO, CATHERINE PALAZZO, GEORGE
DHAIM, and GAIL DHAIM,

                Defendants.

Case No.: 2:26-cv-02413

**COMPLAINT**

Plaintiff United States Fire Insurance Company ("U.S. Fire"), by its undersigned attorneys, as and for its Complaint against Defendants, alleges as follows:

**PARTIES**

1.     U.S. Fire is a corporation organized and existing pursuant to the laws of the State of Delaware, maintains its principal place of business in Morristown, New Jersey, and is authorized to execute surety bonds in the State of New York.

2.     Upon information and belief, defendant Palace Electrical Contractors, Inc. ("Palace"), is a corporation organized and existing pursuant to the laws of the State of New York and maintains its principal place of business at 84 Toledo Street, Farmingdale, New York.

3.     Upon information and belief, defendant Palazzo Dhaim Partnership is a partnership organized and existing pursuant to the laws of the State of New York and maintains its principal place of business at 84 Toledo Street, Farmingdale, New York.

4.     Upon information and belief, defendants Gerard Palazzo and George Dhaim are partners of defendant Palazzo Dhaim Partnership.

5.     Upon information and belief, defendant Gerard Palazzo is a citizen of the State of New York and resides at 125 Bayway Avenue, Bay Shore, New York.

6.     Upon information and belief, defendant Catherine Palazzo is a citizen of the State of New York and resides at 125 Bayway Avenue, Bay Shore, New York.

7.     Upon information and belief, defendants Gerard Palazzo and Catherine Palazzo are husband and wife.

8.     Upon information and belief, defendant George Dhaim is a citizen of the State of New York and resides at 55 Skylark Road, Massapequa Park, New York.

9.     Upon information and belief, defendant Gail Dhaim is a citizen of the State of New York and resides at 55 Skylark Road, Massapequa Park, New York.

10.    Upon information and belief, defendants George Dhaim and Gail Dhaim are husband and wife.

11.    Upon information and belief, defendant Gerard Palazzo is Palace's President.

12.    Upon information and belief, defendant George Dhaim is Palace's Vice President.

2

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as U.S. Fire and Defendants are citizens of diverse states and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

14. This Court has personal jurisdiction over Defendants and this Court is a proper venue for this action because, pursuant to the Indemnity Agreement (defined below), Defendants each agreed "to submit to the jurisdiction of the state and federal courts situated in New York, waiving any defenses of lack of personal jurisdiction and waiving venue arguments, including forum non conveniens, in any action brought by [U.S. Fire] in the State of New York."

15. Venue also is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to U.S. Fire's claims against Defendants occurred in the Eastern District of New York.

16. Venue also is appropriate in this Court because Defendants maintain their principal places of business and/or reside in the Eastern District of New York.

## FACTS COMMON TO ALL CAUSES OF ACTION

**The Indemnity Agreement**

17. On or about December 28, 2015, and in connection with U.S. Fire's extension of surety credit to Palace, Defendants each executed a written General Indemnity Agreement (the "Indemnity Agreement") in U.S. Fire's favor.

3

18.     On or about March 1, 2019, U.S. Fire and the Palazzos executed an amendment to the Indemnity Agreement (a copy of the Indemnity Agreement, as amended, is annexed as Exhibit 1).

19.     Paragraph 5 of the Indemnity Agreement provides, in relevant part:

> [Defendants] hereby jointly and severally covenant, promise and agree to exonerate, defend, indemnify and hold harmless [U.S. Fire] from and against any and all Loss, irrespective of whether [U.S. Fire] has made any payment under any of its Bonds or whether [Defendants] may have assumed, or offered to assume, the defense of [U.S. Fire] upon any claim.  [U.S. Fire] shall be entitled to immediate reimbursement for any and all Loss incurred by it in good faith and under the belief that it was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such payments. An itemized, sworn statement of Loss by an employee of [U.S. Fire], or other evidence of payment, shall be *prima facie* evidence of the propriety, amount and existence of [Defendants'] liability. . . . [Defendants] will, at the request of [U.S. Fire], procure the discharge of [U.S. Fire] from any Bond and all liability by reason thereof.

20.     The Indemnity Agreement defines "Loss" as:

> [A]ll demands, liabilities, losses, costs, damages and expenses of any kind or nature, including legal fees and expenses, court costs, technical, engineering, accounting, consultant, expert witness and/or other professional fees and expenses, including the cost of in-house professionals, which [U.S. Fire] incurs, or to which it may be exposed, in connection with any Bond or this Agreement, including but not limited to all loss and expense incurred by reason of: (i) [U.S. Fire's] having executed any Bond or any other instrument or any [m]odification thereof; (ii) any investigation by [U.S. Fire] in connection with any Bond or Contract; (iii) [U.S. Fire's] prosecuting or defending any action in connection with any Bond; (iv) [U.S. Fire's] obtaining or attempting to obtain the release of any Bond; (v) [U.S. Fire's] recovering

4

or attempting to recover Property (as hereinafter defined) in connection with any Bond or this Agreement; (vi) [Defendants'] failure to perform or comply with any promise, covenant, or condition of this Agreement; (vii) [U.S. Fire's] enforcing by litigation or otherwise any of the provisions of this Agreement, and (viii) all interest accruing thereon at the maximum legal rate. Loss shall also include any and all amounts sufficient to discharge any Claim made against [U.S. Fire] on any Bond and shall further include any premiums due on any Bond issued by [U.S. Fire] on behalf of [Palace].

21.    The Indemnity Agreement defines "Bond", in relevant part, as "any and all bonds, undertakings, guarantees, contractual obligations, and writings or statements of prequalification or commitment, including modifications hereof, which [U.S. Fire] has executed or procured . . . ."

**The Bonds**

22.    In reliance upon the Indemnity Agreement, U.S. Fire, as surety, executed various bonds on behalf of Palace, as principal (the "Bonds").

23.    The Bonds include performance bonds and payment bonds ("Performance Bonds" and "Payment Bonds"), including:

- Performance Bond and Payment Bond Nos. 602133489, each in the penal sum of $1,811,000.00, in connection with a contract between Palace and the Hicksville Water District for a public improvement known as "Wellhead Treatment for Removal of Emerging Contaminant at Plant # 8";

- Performance Bond and Payment Bond Nos. 602134656, each in the penal sum of $469,000.00, in connection with a contract between Palace and the Town of Hempstead for a public improvement known as "Construction of Wellhead Treatment at Well 13 – Electrical Construction in the Levittown Water District, Town of Hempstead, Nassau County, NY, PW # 39-21" (the "Levittown Project");

- Performance Bond and Payment Bond Nos. 602134666, each in the penal sum of $2,947,000.00, in connection with a contract between Palace and the Town of Hempstead for a public improvement known as "Construction of Wellhead Treatment for Emerging Contaminants Wells 5 & 11, East Meadow Water District, Nassau Count, NY, Resolution No. 71-2022" (the "Wells 5 & 11 Project");

- Performance Bond and Payment Bond Nos. 602136136, each in the penal sum of $1,839,000.00, in connection with a contract between Palace and the Carle Place Water District for a public improvement known as "1-4 Dioxane, PFOA and PFOS Treatment at Wells 1A and 2R, Contract No. C2-22-E-Electrical Construction – CPWD, Carle Place Water District Carle Place, NY";

- Performance Bond and Payment Bond Nos. 602136141, each in the penal sum of $277,000.00, in connection with a contract between Palace and Valley Stream Union Free School District for a public improvement known as "Valley Stream USFD Thirteen – Electrical Work E-1 at James A. Dever Elementary School, SED # 28-02-13-02-0-001-040";

- Performance Bond and Payment Bond Nos. 602136145, each in the penal sum of $2,074,000.00, in connection with a contract between Palace and the Town of Hempstead for a public improvement known as "Construction of Wellhead Treatment for Emerging Contaminants and Organics at Uniondale Wells 5 & 6, Electrical Construction, Uniondale Water District, Town of Hempstead, Nassau County, NY, PW #2-22" (the "Uniondale Project");

- Performance Bond and Payment Bond Nos. 602136146, each in the penal sum of $551,250.00, in connection with a contract between Palace and the Miller Place Union Free School District for a public improvement known as "Miller Place USFD-2021 Bond Issue, Related Capital Improvements, Phase 1- SED # 58-02-08-02-0-003-020, Sound Beach School, Miller Place, NY, Contract # 3 -Electrical";

- Performance Bond and Payment Bond Nos. 602137095, each in the penal sum of $356,000.00, in connection with a contract between Palace and the Longwood Central School District ("Longwood") for a public improvement known as "Installation of Air Conditioning and Electrical Upgrades at Longwood High School, Contract 'E' - Electrical Work, NYSED No. 58-02-12-06-0-015-020, H2M Project No. LGSD2108" (the "Longwood High School Project");

- Performance Bond and Payment Bond Nos. 602137096, each in the penal sum of $443,000.00, in connection with a contract between Palace and Longwood for a public improvement known as "Installation of Air Conditioning and Electrical Upgrades at Coram Intermediate School, Contract 'E' – Electrical Work, NYSED No. 58-02-12-06-0-007-019, H2M Project No. LGSD2111" (the "Longwood Coram Project");

- Performance Bond and Payment Bond Nos. 602137097, each in the penal sum of $869,500.00, in connection with a contract between Palace and Longwood for a public improvement known as "Installation of Air Conditioning and Electrical Upgrades at Longwood Junior High School, Contract 'E' – Electrical Work, NYSED No. 58-02-12-06-0-009-020, H2M Project No. LGSD2109" (the "Longwood Junior High School Project");

- Performance Bond and Payment Bond Nos. 602137098, each in the penal sum of $670,000.00, in connection with a contract between Palace and Longwood for a public improvement known as "Installation of Air Conditioning and Electrical Upgrades at Charles E. Walters Intermediate School, Contract 'E' – Electrical Work, NYSED No. 58-02-12-06-0-002-019, H2M Project No. LGSD2110";

- Performance Bond and Payment Bond Nos. 602137101, each in the penal sum of $1,524,000.00, in connection with a contract between Palace and the Town of Hempstead for a public improvement known as "Construction of Wellhead Treatment for Emerging Contaminants at East Meadow Wells 1 and 3 – Electrical Construction in the East Meadow Water District, Town of Hempstead, Nassau County, NY, PW #19-22, Resolution No. 1080-2022" (the "Wells 1 & 3 Project");

- Performance Bond and Payment Bond Nos. 602137729, each in the penal sum of $1,476,026.83, in connection with a contract between Palace and the City of New York for a public improvement known as "Work Order # 001, Contract Reg. # 20211400631, JOC ID No.: 20-1NYC-E2- 001.00, DDC Project ID: E17-0006 -DSNY Brooklyn North 1 & 4 Dist. Garages Energy Upgrade, 161 Varick Avenue, Brooklyn, NY";

- Performance Bond and Payment Bond Nos. 602137094, each in the penal sum of $629,000.00, in connection with a contract between Palace and the Incorporated Village of Hempstead for a public improvement known as "Bid No. 4, HEMV 2022/2023, Installation of Emergency Standby Power Generators at Various Facilities in the Incorporated Village of Hempstead, NY";

7

- Performance Bond and Payment Bond Nos. 602133486, each in the penal sum of $277,000.00, in connection with a contract between Palace and the County of Nassau for a public improvement known as "Contract No. B90643-01E, Nassau County Police Department Bellmore Highway Patrol Building, HVAC Renovations-Electrical, Resolution No. 2-2021, Mineola, NY";

- Performance Bond and Payment Bond Nos. 602119317, each in the penal sum of $1,974,000.00, in connection with a contract between Palace and the Bridgehampton Union Free School District for a public improvement known as "Bridgehampton UFSD Bond Issue Related Capital Improvement Program SED # 58-09-09-02-0-001-016, Rebid Contract #4 Electrical Reconstruction at Bridgehampton Elementary School/High School";

- Performance Bond and Payment Bond Nos. 602136144, each in the penal sum of $364,000.00, in connection with a contract between Palace and the Plainview Water District for a public improvement known as "Plainview Water District GAC Enclosure & Miscellaneous Improvements at Plant 7 – Contract # 2 – Electrical Construction, D&B # 5652, Plainview, NY" ("Plainview Project"); and

- Performance Bond and Payment Bond Nos. 602130831, each in the penal sum of $821,000.00, in connection with a contract between Palace and the Port Washington Water Pollution Control District for a public improvement known as "Contract # 124E – Biosolids Dewatering System & Wastewater Treatment Plan Improvements" ("Port Washington Project").

24.     In addition to the foregoing, the Bonds also include Benefit Contribution & Wage Payment Bond No. 602113652, which U.S. Fire executed on behalf of Palace, as principal, in favor of the Electrical Industry Board of Nassau and Suffolk Counties (the "EIB"), as obligee, in the original penal sum of $175,000.00 (the "EIB Benefits Bond").

25.     The penal sum of the EIB Benefits Bond subsequently was increased to $250,000.00.

8

**Palace Has Been Defaulted and/or Terminated on Bonded Projects**

26.     U.S. Fire has incurred Loss as a result of Palace having been declared in default and/or terminated on projects for which U.S. Fire executed Bonds.

27.     For example, in four letters sent to Palace and copied to U.S. Fire, each dated May 14, 2025, the Town of Hempstead advised that it was either initiating or resuming "default proceedings" against Palace in connection with Palace's contracts with the Town of Hempstead for the Levittown Project, Uniondale Project, Wells 5 & 11 Project, and Wells 1 & 3 Project (the "Defaulted Hempstead Contracts").

28.     In its letters, the Town of Hempstead directed Palace to discontinue its work under the Defaulted Hempstead Contracts and advised that it was "calling upon [U.S. Fire] . . . to make appropriate arrangements to complete all work specified in the contract documents."

29.     On or about August 13, 2025, U.S. Fire and the Town of Hempstead entered into a Takeover Agreement, pursuant to which U.S. Fire, to mitigate damages, agreed to complete the Defaulted Hempstead Contracts subject to the terms and conditions of the Takeover Agreement (including a full reservation of its rights, claims, and defenses).

30.     U.S. Fire retained Hinck Electrical Contractors ("Hinck") as a subcontractor to complete the Defaulted Hempstead Contracts.

31.     U.S. Fire has issued payments to Hinck totaling not less than $405,577.56 in connection with completion of the Defaulted Hempstead Contracts.

9

32.     U.S. Fire has incurred and continues to incur Loss in connection with its completion of the Defaulted Hempstead Contracts.

33.     U.S. Fire also has incurred and continues to incur Loss (including costs, expenses, and attorney's fees) as a result of Palace having been defaulted and/or terminated on other projects for which U.S. Fire executed Bonds, including (but not limited to) the Plainview Project, Port Washington Project, Longwood High School Project, Longwood Coram Project, and Longwood Junior High School Project.

**The EIB's Claims and U.S. Fire's Resulting Loss**

34.     Upon information and belief, Palace failed to remit benefit contributions and other amounts that it was required to remit to the EIB pursuant to certain agreements between Palace and the Local Union No. 25 of the International Brotherhood of Electrical Workers (the "Union").

35.     Pursuant to the Bonds and written agreements with the EIB and the Union dated December 23, 2024, and February 12, 2025 (the "EIB Agreements"), U.S. Fire made payments to the EIB totaling $350,000.00 in satisfaction of amounts owed by Palace to the EIB (the "Initial EIB Payments").

36.     Pursuant to the EIB Agreements, U.S. Fire was afforded the absolute right to allocate the Initial EIB Payments (and credits for the Initial EIB Payments) to specific Bonds.

37.     On November 17, 2025, the EIB commenced an action against U.S. Fire in the Supreme Court of the State of New York, County of Suffolk, entitled *Electrical*

10

*Industry Board of Nassau and Suffolk Counties v. United States Fire Insurance Company*, Index No. 631071/2025 (the "EIB Lawsuit").

38.     In the EIB Lawsuit, the EIB asserted a claim against the EIB Benefits Bond and sought to recover the entire penal sum thereof ($250,000.00).

39.     To resolve the EIB Lawsuit and obtain a final release from the EIB, U.S. Fire paid the EIB an additional $226,715.00, which represented the amount of the penal sum of the EIB Benefits Bond that remained after deducting the portion of the Initial EIB Payments allocable to the EIB Benefits Bond.

40.     U.S. Fire incurred costs and expenses, including attorney's fees, in connection with negotiating the EIB Agreements, defending and resolving the EIB Lawsuit, and obtaining a full and final release of the EIB's claims against the Bonds (including the EIB Benefits Bond).

**Additional Loss Incurred by U.S. Fire**

41.     U.S. Fire has incurred and continues to incur additional Loss, including (but not limited to) payments it has made under certain Payment Bonds to Palace's subcontractors and suppliers who claim that Palace failed to pay them for labor and material furnished to various projects for which U.S. Fire executed Payment Bonds.

42.     U.S. Fire also has incurred Loss in the form of payments that it has made to Palace's suppliers, at Palace's request, in order to procure materials and equipment necessary for Palace to perform work on projects for which U.S. Fire executed Bonds.

43.     U.S. Fire also has incurred and continues to incur Loss in the form of costs and expenses (including attorney's fees, consultant's fees, and accountant's fees) in connection with, among other things, claims asserted against the Bonds and the enforcement of its rights under the Indemnity Agreement, and otherwise as a result of having executed the Bonds.

## FIRST CAUSE OF ACTION

44.     U.S. Fire repeats and reasserts the allegations contained in paragraphs 1 through 43 as if set forth at length.

45.     To date, U.S. Fire has incurred not less than $3,736,067.65 in Loss as a result of, among other things, payments made pursuant to the Payment Bonds and the EIB Benefits Bond, and payments made to perform obligations bonded by the Performance Bonds.

46.     Pursuant to its rights of assignment and equitable subrogation, U.S. Fire has received or recovered $1,887,788.83 in payments due under certain contracts that U.S. Fire bonded (which includes a payment of $32,374.75 that US Fire expects to receive shortly), reducing the Loss to $1,848,278.82.

47.     Pursuant to the Indemnity Agreement, Defendants are jointly and severally obligated to indemnify U.S. Fire for all Loss.

48.     Defendants have failed to reimburse such Loss to U.S. Fire.

49.     Defendants are in breach of the Indemnity Agreement.

50.     U.S. Fire is entitled to judgment against Defendants, jointly and severally, in an amount not less than $1,848,278.82.

**SECOND CAUSE OF ACTION**

51.     U.S. Fire repeats and reasserts the allegations contained in paragraphs 1 through 43 with the same force and effect as if set forth at length.

52.     U.S. Fire has incurred Loss in the form of costs and expenses (including attorney's fees and consultant's fees) in the amount not less than $326,487.94.

53.     Pursuant to the Indemnity Agreement, Defendants are jointly and severally obligated to indemnify U.S. Fire for all Loss.

54.     Defendants have failed to reimburse such Loss to U.S. Fire.

55.     Defendants are in breach of the Indemnity Agreement.

56.     U.S. Fire is entitled to judgment against Defendants, jointly and severally, in an amount not less than $326,487.94.

**THIRD CAUSE OF ACTION**

57.     U.S. Fire repeats and reasserts the allegations contained in paragraphs 1 through 43 as if set forth at length.

58.     U.S. Fire continues to incur Loss as a result of having provided the Bonds and in protecting and enforcing its rights under the Indemnity Agreement.

59.     Pursuant to the Indemnity Agreement, Defendants are jointly and severally obligated to indemnify U.S. Fire for all Loss.

60.     Defendants have failed to indemnify U.S. Fire for the Loss it has incurred to date.

61.     Defendants are in breach of the Indemnity Agreement.

13

62.    U.S. Fire is entitled to judgment against Defendants, jointly and severally, in the amount of all Loss incurred by U.S. Fire, which amount is to be determined.

### FOURTH CAUSE OF ACTION

63.    U.S. Fire repeats and reasserts the allegations contained in paragraphs 1 through 43 as if set forth at length.

64.    Paragraph 7 of the Indemnity Agreement states:

> Immediately upon demand by [U.S. Fire], [Defendants] shall deposit with [U.S. Fire] a sum of money, as collateral security, in an amount [U.S. Fire], in its sole and absolute discretion, deems necessary at the time of said demand to protect [U.S. Fire] from actual or anticipated Loss. Demand may be made as soon as: (i) the assertion of any Claim against [U.S. Fire]; or (ii) [U.S. Fire] determines that liability exists under any Bond; or (iii) [U.S. Fire] has a reasonable basis to believe that it may incur or sustain liability or Loss; or (iv) any diversion of funds relating to any Contract by any Defendant in violation of this Agreement or applicable law; or (v) [U.S. Fire] deems itself insecure, whether or not [U.S. Fire] has made any payment or established any reserve and whether or not it has received notice of, accepted or denied any Claim in whole or in part . . .

65.     By letter dated October 11, 2024, U.S. Fire demanded, among other things, that Defendants deposit $892,382.93 with U.S. Fire as collateral security.

66.    Defendants have failed to deposit any collateral security with U.S. Fire.

67.    Defendants are in breach of the Indemnity Agreement.

68.    In addition to the Loss already incurred to date, U.S. Fire anticipates that it will incur additional Loss in an amount not less than $391,161.27.

69.    U.S. Fire is entitled to judgment compelling Defendants to specifically and immediately perform their joint and several obligation under the Indemnity

14

Agreement to deposit collateral security with U.S. Fire in a sum not less than $391,161.27.

## FIFTH CAUSE OF ACTION

70.    U.S. Fire repeats and reasserts the allegations contained in paragraphs 1 through 43 as if set forth at length.

71.    Pursuant to its common law right of indemnification, U.S. Fire is entitled to indemnification from Palace for all losses, costs, and expenses (including attorney's fees) that U.S. Fire has incurred and will incur as a result of having executed the Bonds.

72.    Accordingly, U.S. Fire is entitled to judgment against Palace in the amount of all losses, costs, and expenses (including attorney's fees) that U.S. Fire has incurred and incurs in the future as a result of having executed the Bonds, which amount is to be determined.

## SIXTH CAUSE OF ACTION

73.    U.S. Fire repeats and reasserts the allegations contained in paragraphs 1 through 43 as if set forth at length.

74.    In Paragraph 12 of the Indemnity Agreement, Defendants each agreed:

> [To] provide current financial information to [U.S. Fire]
> until such time as all obligations of [Defendants] hereunder
> have been discharged. [U.S. Fire], at any time, shall have
> continuous and uninterrupted access to the books, records,
> accounts, and non-consumer and consumer credit reports
> of [Defendants] and to all matters and information
> concerning any Bond(s) or instrument(s) executed by [U.S.
> Fire] and the financial condition, credit worthiness, and
> assets of any [Defendant] until the liability of [U.S. Fire]
> under each and every Bond or other instrument executed

15

by it and each and every obligation of [Defendants] under [the Indemnity Agreement] is terminated and discharged to the satisfaction of [U.S. Fire].

75. By letter dated October 11, 2024, U.S. Fire demanded, among other things, that Defendants furnish certain documents and information to U.S. Fire, as they each agreed to do in the Indemnity Agreement.

76. Defendants failed to furnish all of the documents and information demanded in U.S. Fire's letter.

77. By letter dated March 7, 2025, U.S. Fire demanded that Palace furnish certain documents and information to U.S. Fire.

78. Palace failed to furnish all of the documents and information demanded in U.S. Fire's letter.

79. Defendants are in breach of the Indemnity Agreement.

80. U.S. Fire is entitled to judgment compelling Defendants to perform their joint and several obligation, pursuant to paragraph 12 of the Indemnity Agreement, to furnish documents and information demanded by U.S. Fire.

**SEVENTH CAUSE OF ACTION**

81. U.S. Fire repeats and reasserts the allegations contained in paragraphs 1 through 43 as if set forth at length.

82. In paragraph 4 of the Indemnity Agreement, Defendants each agreed to pay all premiums due for the Bonds.

83. Premium for certain Bonds, in the amount of $15,000.00, remains unpaid and outstanding.

16

84.     U.S. Fire is entitled to judgment against Defendants, jointly and severally, in the amount of $15,000.00.

**WHEREFORE**, U.S. Fire demands judgment as follows:

(a)     on the First Cause of Action, against Defendants, jointly and severally, in an amount not less than $1,848,278.82;

(b)     on the Second Cause of Action, against Defendants, jointly and severally, in an amount not less than $326,487.94;

(c)     on the Third Cause of Action, against Defendants, jointly and severally, in an amount to be determined;

(d)     on the Fourth Cause of Action, compelling Defendants to deposit an amount not less than $391,161.27 with U.S. Fire as collateral security;

(e)     on the Fifth Cause of Action, against Palace, in an amount to be determined;

(f)     on the Sixth Cause of Action, compelling Defendants' specific performance of their joint and several obligation, pursuant to paragraph 12 of the Indemnity Agreement, to furnish documents and information demanded by U.S. Fire;

(g)     on the Seventh Cause of Action, against Defendants, jointly and severally, in the amount of $15,000.00;

(h)     all of the foregoing with interest, costs, attorney's fees, and disbursements; and

(i)    awarding U.S. Fire such other and further relief as this Court deems just and proper.

Dated: April 23, 2026

**CHIESA SHAHINIAN & GIANTOMASI PC**
*Attorneys for Plaintiff*
*United States Fire Insurance Company*
11 Times Square, 34th Floor
New York, NY 10036
(212) 973-0572


By: _____ */s Scott W. Lichtenstein* _____
      SCOTT W. LICHTENSTEIN